IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GARRY D. MULLIS,

    Plaintiff,

v.

NATHAN DEAL; HOMER BRYSON;
STANLEY WILLIAMS; ROY A. SABINE;
MARCUS OCCHIPINTI; DEDRICK
ANTHONY; MS. WORTHEN; THE STATE
OF GEORGIA; and ROBERT TOOLE,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-100

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation dated September 8, 2016. (Doc. 9.) Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.

Plaintiff filed this cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) The Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint due to his lack of candor and his failure to properly plead his claims. (Doc. 9, p. 1.) Plaintiff filed Objections to the Report and Recommendation on September 22, 2016. (Doc. 10.)

In his Objections, Plaintiff avers he was unable to accurately report his litigation history because his case files had been confiscated by prison officials. (Id. at p. 1.) Plaintiff contends he was, therefore, unable to determine whether he had filed previous lawsuits prior to the date on

which he filed the instant Complaint, through no fault of his own. However, the Eleventh Circuit has noted that not having documents concerning prior litigation and being unable to pay for copies of those documents does not absolve a prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him." Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 941 (11th Cir. 2010). Furthermore, "even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits." Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010). Accordingly, Plaintiff fails to show that his lack of candor was excusable. The Court **OVERRULES** this Objection.

Though difficult to decipher, the remainder of Plaintiff's Objections appear to allege new claims and reiterate claims he presented in his Complaint. However, the Magistrate Judge's Report and Recommendation apprised Plaintiff that "[t]he filing of objections is not a proper vehicle through which to make new allegations or present additional evidence." (Doc. 9, p. 9.) Accordingly, after an independent and *de novo* review of the entire record, the Court **CONCURS** with the Magistrate Judge, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Further, the Court **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 17th day of November, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2